IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Manetirony Clervrain, et al., ) | |
| ) | |
| Plaintiffs, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Doug Burgum, et al., ) | Case No. 1:22-cv-077 |
| ) | |
| Defendants. ) | |

Plaintiff Manetirony Clervrain ("Clervrain") is a serial litigant. See Clervrain v. Duran, No. 120CV01329KWRJFR, 2022 WL 626442, at *2 (D.N.M. Feb. 14, 2022) ("Plaintiff is a prolific litigator and has filed more than 100 cases in federal courts, most of which lack any connection to the forum state and have been dismissed as frivolous or for failure to state a claim upon which relief can be granted."); Manetirony Clervrain v. John Bel Edwards, et al., No. CV 21-345-SDD-EWD, 2022 WL 636048, at *1 (M.D. La. Feb. 11, 2022), report and recommendation adopted sub nom. Clervrain v. Edwards, No. CV 21-345-SDD-EWD, 2022 WL 628537 (M.D. La. Mar. 3, 2022) ("This case is just another stop in Plaintiff Manetirony Clervrain's four-year tour of this nation's district and appellate courts. As other courts have noted, Plaintiff has filed over 216 actions in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United States Judicial Panel on Multidistrict Litigation, and even the Supreme Court of the United States."); Clervrain v. Shafer, No. CV 122-001, 2022 WL 604896, at *1 (S.D. Ga. Jan. 6, 2022) ("Plaintiff Manetirony Clervrain and his propensity for prolific filings are well known to this Court. Other judges in the Southern District have characterized his filings as 'unbridled gibberish,' 'sprawling ... lengthy and largely

1

incomprehensible,' and 'unintelligible' and 'without any rhyme or reason.'").  He has filed scores of actions throughout the country, most of which have been dismissed as frivolous and/or for failure to state a claim.  See e.g., Clervrain v. Duran, No. 120CV01329KWRJFR, 2022 WL 626442, at *2 (D.N.M. Feb. 14, 2022).  He initiated this action pro se on his own behalf and on behalf of Wesline Casir with the submission of a proposed complaint that names approximately 96 defendants in the caption, a notice of appearance of counsel in which Clervrain represents that "[he] is admitted or otherwise licensed to practice in this court" and is "litigating on [his] behalf to protect the interests of his family," a "Motion for ["Alien Status"] or ["Pauperis Status"] or Criteria to Consider by Invoking the ANTs Movement Act ('TAMA')," a "Motion for Settlement Agreement(s) Against Secretive Criminals by Invoking the National Regulatory Treaties Act ('NIRTA')," and what the court can liberally construe as a motion by Clervrain to proceed with this action in forma pauperis. (Doc. Nos. 1, 1-1, 1-2, 1-3, 1-4).

The court has referred this matter to the magistrate judge for an initial review.  Having now completed an initial review, I recommend that the court deny Clervrain's motion for leave to proceed in forma pauperis and dismiss this action.

I.  **LEGAL STANDARD**

Proceedings in forma pauperis are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay.  See 28 U.S.C. § 1915(a)(1).  Notwithstanding financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

In applying the provisions of § 1915(e)(2), the court must give the pro se complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996). In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional). "A complaint is frivolous if it lacks an arguable basis in law or fact." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id.

## II.   DISCUSSION

As a preliminary matter, it should be noted that Clervrain can only represent himself in this matter. Contrary to Clervrain's statement in the document captioned "appearance of counsel," he is not an attorney admitted or otherwise licensed to practice before this court. Consequently, he cannot represent Wesline Casir in this matter. See Jones ex. rel., 401 F.3d at 952 (8th Cir. 2005) (affirming the district court's order of dismissal on motion by a defendant of an action filed by a non-attorney on behalf of others); Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."); see also D.N.D. Gen. L.R. 1.3 (B) and (C) (setting forth the eligibility and admission requirements for the bar of this court); cf. Jones ex. rel. v. Corr. Med. Servs., 401 F.3d 950, 951–52 (8th Cir. 2005) (finding that a non-attorney

3

administrator of decedent's estate m<sup>i</sup>ay not proceed pro se on behalf of estate); <u>Gross v. United States</u>, No. 06–4211, 2009 WL368664, at * 1 (D.S.D. Feb. 13, 2009) (opining that a pro se plaintiff was "not permitted to litigate the claims of the Estate or beneficiaries of the Estate, with or without their consent, because doing so would amount to engaging in the practice of law on behalf of others").

Turning to the substance of the complaint, the court can conclude that, even when applying the most liberal of pleading standards, the complaint is devoid of any facially cognizable claims against any of the named defendants. The complaint itself is typed and legible but the allegations and legal arguments it contains are incomprehensible. For example, the complaint references nonexistent statutes (e.g., the "Ant Act," the "Ant(s) Dury Mitigating Act," the "Ant(s) Library Act," the "National Protective Act," the "Universal Nationality Character Act," and the "Unreasonable Classification Act"), a "Motion for Judicial Intervention and Clarification Necessary by Invoking the Movement(s) on Crimes Mitigating Act" that has not been filed and is therefore not part of the record, the State of Wisconsin's authority or lack thereof to enact certain legislation, the Freedom of Information Act, the Administrative Procedures Act, the Patent Act of 1936, the Geneva Convention, genocide, human rights violations, vague conspiracies, and unspecified constitutional violations but does not "connect the dots" and coherently explain how all of this fits together. The complaint is also largely devoid of factual allegations. Consequently, when reading the complaint, one cannot ascertain what rights of the plaintiffs have been violated much less who violated them.

While pro se litigants are normally afforded an opportunity to amend their complaint before dismissal, affording Clervrain with an opportunity to amend the complaint in this case would be

an exercise in futility given the multitude of similar cases filed by Clervrain throughout the country that courts have dismissed and the fact that Clervrain cannot represent the other named plaintiffs regardless of their purported claims. These other courts have used words such as indecipherable, incomprehensible, and unintelligible to describe Clervrain's pleadings. These same words can be used to describe the instant complaint. Given Clervrain's track record, the likelihood that, if given the opportunity, Clervrain can and will make sense of what is presently nonsensical appears beyond remote.

### III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, I **RECOMMEND** that the court deny Clervrain's application to proceed in forma pauperis (Doc. No. 1) and dismiss the complaint.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Objections to this recommendation are due by June 21, 2022. See D.N.D. Civil L.R. 72.1(D)(3). Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 3rd day of June, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court